**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Magistrate Judge Craig B. Shaffer

Civil Action No. 05-cv-00928-WDM-CBS

STEPHEN L. TUCKER,

    Plaintiff,

v.

LANIER WORLDWIDE, INC.,
STEVEN YOUNG,

    Defendants.

---

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Craig B. Shaffer

    The matter before the court is Defendants' "Motion to Dismiss, or, in the alternative, Motion to Stay Proceedings and Compel Arbitration" [#3], filed May 27, 2005. Plaintiff filed his Response [#10] on June 14, 2005. Defendants filed their Reply [#12] on June 28, 2005. A Memorandum [#11], filed June 16, 2005, refers Defendants' Motion to Dismiss, or, in the alternative, Motion to Stay Proceedings and Compel Arbitration to the Magistrate Judge. Further before the court is Plaintiff's Motion to Remand to State Court [#8], filed June 9, 2005. Defendants filed their Response [#14] on June 30, 2005. A Memorandum [#9], filed June 9, 2005, refers Plaintiff's Motion to Remand to State Court to the Magistrate Judge.

This court has reviewed Defendants' "Motion to Dismiss, or, in the alternative, Motion to Stay Proceedings and Compel Arbitration," the Response and Reply to that Motion, Plaintiff's Motion to Remand to State Court, the Response to that motion, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons discussed below, it is recommended that Defendants' "Motion to Dismiss" be granted in part as to Defendant Young, and be denied in part as to Defendant Lanier. It is recommended that Defendants' Motion to Compel Arbitration be granted as to Defendant Lanier. Further, it is recommended that Plaintiff's Motion to Remand to State Court be denied as moot. Finally, it is ordered that Defendants' "Motion to Stay Proceedings" is granted as to Defendant Lainer.

**I.      Background.**

**A.      Underlying Dispute.**

On or about March 12, 2003, Defendant Lanier entered into an Agreement ("Agreement") with BridgeCenters at Park Meadows, LLC, ("BridgeCenters") pursuant to which BridgeCenters leased numerous pieces of facsimile and copier equipment and accessories ("Equipment"). Plaintiff personally and unconditionally guaranteed BridgeCenters' obligations under the Agreement. But for this personal guaranty, Defendant Lanier claims it would never have entered into the Agreement or supplied Plaintiff and his company with hundreds of thousands of dollars in equipment. BridgeCenters defaulted on its contractual obligations after making just one payment. Plaintiff never made any payments.

On September 10, 2003, to keep the Equipment and avoid acceleration of the remaining payments due under the Agreement, BridgeCenters and Plaintiff, as personal guarantor, entered into a written settlement agreement with Defendant Lanier ("First Settlement Agreement").  Less than a month and a half later, BridgeCenters again defaulted, having made only two payments under the First Settlement Agreement.

On October 31, 2003, Defendant Lanier informed BridgeCenters of its intent to pursue its remedies pursuant to the terms of the Agreement and the First Settlement Agreement.  In a second attempt to keep the Equipment and avoid acceleration of payments under the Agreement, by letter dated November 7, 2003, BridgeCenters and Plaintiff, as personal guarantor, entered into a second written settlement agreement with Plaintiff ("Second Settlement Agreement").  BridgeCenters made only the initial payment due at the time it executed the Second Settlement Agreement.  That was the last payment ever made by BridgeCenters to Defendant Lanier.  Despite his personal guaranty, Plaintiff never made a single payment to Defendant Lanier.

### B.      The Arbitration Proceeding.

As a result of BridgeCenters' and Plaintiff's failure to make the required payments under the Agreement, Defendant Lanier instituted arbitration proceedings against BridgeCenters and Plaintiff.  Defendant Lainer's claim against Plaintiff was based entirely on his unconditional personal guaranty.  The parties agreed to the selection of an arbitrator, and the arbitration hearing commenced in Atlanta, Georgia

on June 29, 2004, and concluded on June 30, 2004. Plaintiff, individually and as a representative of BridgeCenters, appeared in person in Atlanta, Georgia, participated fully in the arbitration proceedings, and was represented by counsel during the proceedings. Plaintiff and two other witnesses from Colorado testified in person in Atlanta on behalf of BridgeCenters and Plaintiff at the hearing. Plaintiff also raised a number of defenses to Defendant Lanier's claim on the guaranty and asserted counterclaims.

On or about July 28, 2004, the arbitrator issued his "Findings and Award." The arbitrator awarded Defendant Lanier $674,163.50 against BridgeCenters and Plaintiff. The arbitrator rejected Plaintiff's defenses and awarded him nothing on his counterclaim. The arbitrator denied Defendant Lanier's request for attorney's fees and for the full amount of pre-judgment interest that Defendant Lanier requested. The arbitrator also did not award Lanier an additional, separate amount of $70,000.00.

### C.  Georgia State Court Proceeding.

On or about July 29, 2004, Defendant Lanier filed a petition against Plaintiff to confirm the arbitration award in the Superior Court of Fulton County, Georgia. Plaintiff objected to the confirmation. Defendant Lanier then moved for summary judgment on its petition to confirm. Plaintiff opposed summary judgment. Defendant Lanier's motion for summary judgment seeking confirmation of the arbitration award was scheduled for oral argument on June 2, 2005.

### D.  Procedural Posture of Instant Case.

On March 11, 2005, Plaintiff commenced this action against Defendants by filing a complaint ("Complaint") in the District Court of Arapahoe County, Colorado ("State Court"). Plaintiff's Complaint was served on Defendant Lanier on or about March 17, 2005. Plaintiff's Complaint was served on Defendant Young on or about March 22, 2005.

On or about March 25, 2005, the State Court ordered Plaintiff to file certain papers with the State Court by March 25, 2005, or risk dismissal of the State Action. By Order dated March 31, 2005, the State Court dismissed the State Action because Plaintiff failed to comply with the State Court's March 11, 2005, Order.

On or about April 17, 2005, the Plaintiff moved to reopen the State Action. By Order dated April 21, 2005, the State Court reopened the State Action and ordered the Plaintiff to serve Defendants with a copy of the Order and further allowed Defendant 30 days from the date of the Order to file responsive pleadings. Defendants did not receive the Order reopening the State Action until May 6, 2005. On May 20, 2005, Defendants Lanier and Young timely removed the State Action to this court. On June 9, 2005, Plaintiff filed a Motion to Remand to State Court, which is presently before the Court.

Defendants argue that Plaintiff's Complaint is an improper attempt to re-litigate his liability on his guaranty to Defendant Lanier. They argue that the issues raised by Plaintiff in the Complaint were considered and rejected by the arbitrator, abandoned by Plaintiff in the arbitration or never raised but could and should have been raised by

5

Plaintiff in the arbitration. Accordingly, Defendants argue, under the principles of claim preclusion and issue preclusion, Plaintiff is estopped from asserting each of his claims. Defendants argue, therefore, that Plaintiff's claims are barred, and his Complaint should be dismissed with prejudice. Alternatively, Defendants seek to stay this matter pending further arbitration.

**II.     Motion to Dismiss.**

**A.     Standard of Review.**

Since Plaintiff appears *pro se,* this court will construe liberally his pleadings and other papers, holding them to a less stringent standard than formal papers filed by attorneys. **Hall v. Bellmon,** 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants move to dismiss Plaintiff's claims pursuant to **FED. R. CIV. P. 12(b)(6)**. Rule 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." **FED. R. CIV. P. 12(b)(6)**. A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under her theory of recovery. ***Conley v. Gibson****,* 355 U.S. 41, 45-46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." **Swanson v. Bixler,** 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. ***Id.;*** **FED. R. CIV. P. 8(f)**.

**B.     Analysis as to Defendant Young.**

6

Defendants claim that Defendant Young should be dismissed from this action because he is not a party to the underlying Agreement with Plaintiff. Defendants argue that Plaintiff's claims are actually defenses to Defendant Lanier's claim on the guaranty. As such, Defendant Young is not a proper party to such claims because he was not a party to any agreement between Defendant Lanier and Plaintiff. The court agrees with Defendants. Nothing in Plaintiff's Complaint suggests that Defendant Young did anything other than act in his representative capacity on behalf of Defendant Lanier. Thus, Defendant Young is not personally liable for any actions taken in a representative capacity on behalf of Defendant Lanier. *See Leonard v. McMorris,* 63 P.3d 323, 440 (Colo. 2003); *Beneficial Fin. Co. of Colo. v. Bach,* 665 P.2d 1034, 1036 (Colo. App. 1983) (holding that an authorized agent is not liable on principal's contract). Therefore, Plaintiff's claims against Defendant Young should be dismissed and Defendant Young should be dropped as a party to this action.

**C.    Analysis as to Defendant Lainer.**

    **1.    Motion to Stay Proceedings:**

Defendant Lainer and Plaintiff agreed to submit any and all claims or controversies arising from their Agreement to Arbitration. The enforceability of arbitration agreements are broadly construed. *Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265 (1995); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1 (1983), *Nat'l American Ins. Co. v. Scor Reins. Co.* 362 F.3d 1288, 1290 (10th Cir. 2004). Pursuant to the Agreement, "any controversy or claim arising

out of or relating to this Agreement, the formation of this Agreement, or the breach of this Agreement including any claim based upon or arising from an alleged tort, shall be settled by binding arbitration . . . . " **Def. Mtn. to Dis., Exh. A, ¶ 22.** Plaintiff's claims arise out of and/or relate to the Agreement. In his first claim for relief, Plaintiff seeks to be released from liability under the guaranty on the grounds of duress. Plaintiff's second claim for relief asserts a coercion claim in connection with the guaranty. Plaintiff's remaining claims assert fraud and promissory estoppel, both of which relate to the execution of his guaranty.

Because the Agreement governing the relationship between Plaintiff and Defendant Lanier concerns interstate commerce and contains an arbitration provision applicable to any claim or controversy arising out of or relating to that Agreement, the Federal Arbitration Act controls this matter. **See 9 U.S.C. § 2.** Section 3 of the Federal Arbitration Act requires the court to stay proceedings when (1) a party files suit; (2) that suit involves issues that are subject to a written agreement to arbitrate; and (3) the opposing party makes an application to the court to stay the proceedings until an arbitration is held pursuant to an agreement between the parties. **See 9 U.S.C. § 3.** Here, all of the aforementioned statutory requirements are met. Therefore, a stay of this proceeding is required by the language of the statute.

    **2.    Motion to Dismiss:**

Defendants argue that Plaintiff's claims should be dismissed. They argue that

8

Plaintiff's claims are barred by claim[1] and issue[2] preclusion. The preclusive effect of arbitration is a matter of contract, rather than a matter of law. ***Consolidation Coal Co. v. United Mine Workers of America, Dist. 12, Local Union 1545,*** 213 F.3d 404, 407 (7th Cir. 2000) (addressing preclusive effect of arbitration in a labor dispute governed by a collective bargaining agreement). "[T]he question of the preclusive effect of the first arbitration is, like any other defense, itself an issue for a subsequent arbitrator to decide." ***Id.*** Therefore, Defendants' Motion to Dismiss on preclusion grounds should be denied, and the issue of preclusion should be submitted to arbitration.

### 3. Motion to Compel:

Alternatively, Defendants seek to compel Plaintiff to submit his claims to

---

[1] Claim preclusion precludes the re-litigation of matters that have already been or could have been raised in a prior proceeding but were not. For a claim to be precluded in a second proceeding, there must exist as follows:
   a. Finality of the first proceeding;
   b. Identity of the subject matter;
   c. Identity of claims for relief; and
   d. Identity of privity between parties to the actions. ***Santana v. City of Tulsa,*** 359 F.3d 1241, 1246 n.3 (10th Cir. 2004); ***Argus Real Estate v E-470 Pub. Highway Auth.,*** 109 P.3d 608.

[2] For issue preclusion to bar the re-litigation of an issue, the following must exist:
   1. The same issue that was actually determined in the first proceeding;
   2. The same party as the party in the first proceeding;
   3. Final judgment on the merits in the prior proceeding; and
   4. A full and fair opportunity to litigate the issue in the prior proceeding. ***Park Lake Resources Ltd. Liability Co., v. United States Dep't of Agr.,*** 378 F.3d 1132, 1136 (10th Cir. 2004); ***Union Ins. Co. v. Hottenstein,*** 83 P.3d 1196, 1202.

arbitration.  Section 4 of the Federal Arbitration Act requires that the court compel arbitration for resolution of the issues between parties bound by an arbitration agreement.  *9 U.S.C.* § *4.*  Pursuant to Section 4, a court shall issue an order compelling arbitration when (1) a written agreement to arbitrate exists between two parties; (2) one of the parties is aggrieved by the alleged refusal of another to arbitrate; and (3) the party aggrieved petitions the court to direct that such arbitration proceed in the manner provided in the written arbitration agreement.   Here, again, all of the aforementioned statutory requirements are met.

Further, the parties to the Agreement specifically agreed to arbitration at  "a neutral site."  *See Mtn. to Dis., Exh 1, ¶ 22* (The original provision listed Atlanta Georgia as the arbitration site; however,  "Atlanta, Georgia" was delineated and replaced with "a neutral site.").  Because the parties agreed to any "neutral site" for arbitration, this court has authority to compel arbitration in any neutral arbitration forum.  *Cf., Ansari v. QWEST Comm. Co.,* No. 04-1262, 2005 WL 1625225,  (10th Cir. July 12, 2005) (holding that court lacked jurisdiction to compel arbitration in its own or another district because arbitration clause at issue specifically provided for Washington, D.C., as the venue for arbitration).  Therefore, the Motion to Compel Arbitration should be granted.

Accordingly,

**IT IS ORDERED** as follows:

1. That Defendants' Motion to Stay Proceedings [#3], filed May 27, 2005, **IS**

> **GRANTED** as against Defendant Lanier; and
>
> 2. That this matter **IS STAYED** pending the district court judge's review of this order. If this order is adopted as to the Motion to Compel, this matter **SHALL BE FURTHER STAYED** pending a determination in arbitration of whether all or some of Plaintiff's claims are arbitrable.

**IT IS RECOMMENDED** as follows:

1. That Defendants' Motion to Dismiss [#3], filed May 27, 2005, **BE DENIED** in part as to Defendant Lanier and **BE GRANTED** in part as to Defendant Young;

2. That Defendant Young **BE DROPPED** as a party to this action;

3. That the case cation **BE AMENDED ACCORDINGLY;**

4. That Defendant's Motion to Compel Arbitration [#3], filed May 27, 2005, **BE GRANTED;**

5. That Plaintiff **BE ORDERED** to submit his claims to arbitration at a "neutral site" in accordance with ¶ 22 of the Agreement, within thirty (30) days. If Plaintiff does not do so, this matter **SHOULD BE DISMISSED** for failure to prosecute; and

6. That Plaintiff's Motion to Remand to State Court [#8], filed June 9, 2005, **BE DENIED** as moot, with permission to re-file pending a final release of stay in this matter.

**III.   Advisement to the Parties.**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)**; *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. **28 U.S.C. § 636(b)(1).** A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. **See *In re Griego***, 64 F.3d at 583; **United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma**, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **28 U.S.C. § 636(b)(1).**

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." **One Parcel of Real Property**, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. **See Vega v. Suthers**, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation

12

*de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); **One Parcel of Real Property**, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); **International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.,** 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  **Ayala v. United States**, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

**DATED** at Denver, Colorado, this 19th day of July, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge
