IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-928-WDM-CBS

STEPHEN L. TUCKER,

    Plaintiff,

v.

LANIER WORLDWIDE, INC., et. al.,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued July 19, 2005, that (1) defendants Lanier Worldwide, Inc. ("Lanier") and Steven Young's ("Young") (altogether "Defendants") motion to dismiss be granted as to defendant Young and denied as to defendant Lanier; (2) Defendants' motion to compel arbitration be granted; and (3) plaintiff Stephen L. Tucker's ("Plaintiff") motion to remand to state court be denied as moot. Defendants have objected in part to the recommendation and are entitled to *de novo* review. 28 U.S.C. § 636(b)(1). I have reviewed the record in this case including the complaint, motion, response, the recommendation, and the objections, and for the reasons stated below, I conclude the recommendation should be accepted in part, but rejected as to the motion to compel.

Defendants object only to the fact that, in recommending that their motion to compel arbitration be granted, Magistrate Judge Shaffer recommended that Plaintiff be ordered to submit his claims "at a neutral site," instead of in Atlanta, Georgia, as provided by a November 7, 2003 agreement purportedly amending the arbitration clause of their lease agreement. (*See* Mot. Dismiss, Ex. C.) Plaintiff does not dispute that the parties amended the lease agreement to require arbitration in Georgia, but argues that I should order arbitration in Colorado because he was coerced into entering into the agreements.

However, under these circumstances, I do not have the authority to compel arbitration in either Colorado or Georgia. *See Ansari v. Qwest Communications Corp.*, ___F.3d ____, 2005 WL 1625225, at *5 (10th Cir. 2005) (*quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 328 (7th Cir.1995)) ("a district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration"); *Roe v. Gray*, 165 F. Supp. 2d 1164, 1173 (D. Colo. 2001) (when agreement contains a forum selection clause, only a court in that forum can compel arbitration). Consequently, the motion to compel will be recommitted to Magistrate Judge Shaffer with instructions that he reconsider his recommendation in light of the apparent modification of the arbitration clause in the November 7, 2003 agreement and *Ansari*.[1]  *See* 28 U.S.C. § 636(b)(1). I also note that a stay pending

---

[1] My decision to recommit the motion to compel to Magistrate Judge Shaffer may impact his determination that Plaintiff's motion to remand to state court is moot,

resolution by a court in Atlanta may be the more efficient use of judicial resources. *Roe*, 165 F. Supp. 2d at 1174.

Accordingly, it is ordered:

1. Defendants' motion to dismiss, filed May 27, 2005 (Docket # 3), is granted in part and denied in part.

2. Plaintiff's claims against defendant Young are dismissed with prejudice.

3. The caption in this case is amended to delete defendant Young as a party.

4. Defendants' motion to compel arbitration, filed May 27, 2005, (docket # 3), and Plaintiff's motion to remand to state court, filed June 9, 2005 (Docket # 8) are recommitted to Magistrate Judge Schaffer with instructions to reconsider the motions in light of this order.

DATED at Denver, Colorado, on August 9, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge

---

and therefore I will recommit that motion for his reconsideration as well.