IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-928-WDM-CBS

STEPHEN L. TUCKER,

    Plaintiff,

v.

LANIER WORLDWIDE, INC., et. al.,

    Defendants.

## ORDER AMENDING AUGUST 9, 2005 ORDER

Miller, J.

    On August 10, 2005, I issued an order accepting in part the recommendation of Magistrate Judge Craig B. Shaffer, issued July 19, 2005. In my order, I recommitted Plaintiff's motion to remand to Magistrate Judge Shaffer, which he had recommended be denied as moot; however, I misconstrued the rationale for his recommendation with regards to this motion, and on revisiting the matter, accept the recommendation, albeit on slightly different grounds.

    Plaintiff Stephen L. Tucker ("Tucker"), a resident of Colorado, filed this case in state court, naming as defendants Lanier Worldwide, Inc. ("Lanier"), a Delaware corporation with corporate headquarters in Georgia, and Steven Young ("Young"), a resident of Colorado (together "Defendants"). Tucker alleged that because the Defendants together improperly induced him to sign an unconditional guaranty

agreement, and therefore he should not be responsible or liable under the agreement and should be awarded resulting damages. (Compl., ¶ 10.) Defendants removed the case to this court, relying on subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants argued that complete diversity existed as Young was a fraudulently joined party, because no cause of action existed against him. *See Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n. 1 (10th Cir. 1983) ("the joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal"). *See also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) ("[f]raudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court").

Although Magistrate Judge Shaffer did not directly discuss the motion to remand, he explicitly found, in discussing the motion to dismiss, that he agreed with Defendants that "Defendant Young is not a proper party to [Plaintiff's] claims because he was not a party to any agreement between Defendant Lanier and Plaintiff." (Recommendation, at 7.) Tucker did not object to this determination, and in any case, Young's assertions, that because Young participated in negotiations and initialed the contract as an agent of Lanier, do not provide even "arguably a reasonable basis for predicting that state law might impose liability on the facts involved." *Travis*, 326 F.3d at 647. *See also Beneficial Finance Co. of Colo. v. Bach*, 665 P.2d 1034, 1036 (Colo. Ct. App. 1983) (agent has no liability under contract entered into by disclosed principal). Under these circumstances, Tucker's motion to remand should be denied,

as jurisdiction on removal was proper in this court.

Accordingly, it is ordered:

1. My August 10, 2005 order is amended as set forth below.

2. Plaintiff's Motion to Remand to State Court, filed June 9, 2005 (Docket # 8) is denied.

3. My August 10, 2005 re-referral of Plaintiff's Motion to Remand to State Court is vacated, but the referral of the motion to compel arbitration to Magistrate Judge Shaffer remains.

DATED at Denver, Colorado, on August 15, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge