**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer**

Civil Action No. 05-cv-928-WDM-CBS

STEPHEN L. TUCKER,

    Plaintiff,

v.

LANIER WORLDWIDE, INC.,

    Defendant.

---

**ORDER and RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Craig B. Shaffer

    The matter before the court is the Order on Recommendation of Magistrate Judge [#19], filed August 8, 2005. The Order recommits the Motion to Compel [#3], filed May 27, 2005. The Order also recommits the Motion to Remand [#8], filed June 9, 2005. However, the district court judge issued an Order [#21], filed August 8, 2005, denying Plaintiff's Motion to Remand. Therefore, the only matter remaining before the court is the Motion to Compel.

    The court has reviewed the Order on Recommendation of Magistrate Judge, the Motion to Compel, the Response and Reply to that Motion, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons discussed below, it is recommended that the Motion to Compel be denied as to Defendant Lanier, the only remaining Defendant in this action.

The court looks to the agreements made between the parties to determine if it has jurisdiction to compel arbitration. Although the original Agreement requires that arbitration take place at a "neutral site," **Mtn. to Dis., Exh. 2, ¶ 22,** the parties subsequently modified that provision by its November 7, 2003, Second Settlement Agreement. **Pl.'s Res. to Mtn. to Dis., Ex. C.** Now, arbitration must occur in Atlanta, Georgia.

However, the Motion to Compel does not include a copy of the Second Settlement Agreement, or even reference the salient modifications made by it to the original arbitration provision.[1] Defendants, instead, waited until the court issued its Recommendation to inform the court that parties subsequently agreed to arbitration in Atlanta, Georgia rather than a "neutral site." ***See Pl. Res., Exh. C, p. 3.***

This modification dramatically changes the court's recommendation regarding the Motion to Compel. As inferred in the July 19, 2005, Recommendation, this court lacks jurisdiction to compel arbitration in its own or another district since the parties have agreed to a specific venue for arbitration. ***See Ansari v. QWEST Comm. Co.***, No. 04-1262, 2005 WL 165255, at *5 (10th Cir. July 12, 2005). Because the parties subsequently agreed to arbitrate any controversy or claim in Atlanta, Georgia, rather than any neutral site, the court no longer has jurisdiction to compel arbitration in its

---

[1] Judge Miller in his Order on Recommendation indicates that the Second Settlement Agreement modifying the arbitration provision was attached at Ex. C to the Motion to Dismiss. However, the Second Settlement Agreement was attached to Plaintiff's Response to the Motion to Dismiss. Defendants failed to attach this key Second Settlement Agreement or to even mention the agreement in its Motion to Dismiss. Further, although Plaintiff attached said Settlement Agreement to his Response, he failed to indicate its significance.

own or any other district. *Id.*  Only a district court in Atlanta, Georgia, has the power to compel arbitration. *Id.*  Therefore, the Motion to Compel should be denied.

Accordingly,

**IT IS ORDERED as follows:**

1. That Defendants' Motion to Stay Proceedings [#3], filed May 27, 2005, **IS GRANTED** as to Defendant Lainer; and

2. That this matter **IS STAYED** pending the district court judge's review of this order.

**IT IS RECOMMENDED as follows:**

1. That Defendants' Motion to Compel [#3], filed May 27, 2005, **BE DENIED;** and

2. That this case **BE ADMINISTRATIVELY CLOSED** subject to reopening for good cause pursuant to **D.C.COLO.LCivR. 41.2**.

**III.   Advisement to the Parties.**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)**; *In re Griego*, 64 F.3d 580, 583 (10th Cir.1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. **28 U.S.C. § 636(b)(1).**  A general objection that does not put the district court on notice of

3

the basis for the objection will not preserve the objection for *de novo* review.  **See In re Griego**, 64 F.3d at 583;  **United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma**, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  **28 U.S.C. § 636(b)(1).**

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  **One Parcel of Real Property**, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  **See Vega v. Suthers**, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  **One Parcel of Real Property**, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); **International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.,** 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  **Ayala v. United States**, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).

5

**DATED** at Denver, Colorado, this 23rd day of August, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge