IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-0928-WDM-CBS

STEPHEN L. TUCKER,

    Plaintiff,

v.

LANIER WORLDWIDE, INC,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

    This matter is before me on the recommendation of Magistrate Judge Craig B. Shaffer, issued August 23, 2005, that Defendant's motion to compel arbitration, filed May 27, 2005, be denied and that the case be administratively closed. Plaintiff filed a timely objection to the recommendation, and is entitled to de novo review on those issues he specifically objects to. 28 U.S.C. § 636(b); *Summers v. Utah,* 927 F.2d 1165, 1167. Having reviewed the pertinent portions of the record in this case, I will accept the recommendation as discussed below.

    I agree with Magistrate Judge Shaffer that, given the parties' agreement to arbitrate in Georgia, I do not have the authority to compel arbitration in either Colorado or Georgia. Therefore, Defendant's motion to compel should be denied. Also, in a situation such as this, it is appropriate to stay this action pending a determination by a court of competent jurisdiction of whether these parties are required to arbitrate this

dispute.  *See Ansari v. Qwest Commc'ns Corp.*, 414 F.3d 1214 (10th Cir. 2005); *Roe v. Gray*, 165 F. Supp. 2d 1164, 1174 (D. Colo. 2001).

Plaintiff does not object to the denial of the motion to compel.  Rather, his only claim is that Magistrate Judge Shaffer should have first decided whether or not the arbitration clause is enforceable.  However, this determination is properly left for a court of competent jurisdiction to compel arbitration.  *See Roe*, 165 F. Supp. 2d at 1174.

Accordingly, it is ordered:

1. The recommendation issued by Magistrate Judge Shaffer on August 23, 2005 (Docket No. 22), is accepted as modified herein.
2. Defendant's motion to compel arbitration, filed May 27, 2005 (Docket No. 3), is denied.
3. This action is stayed pending a determination by a court of competent jurisdiction of whether these parties are required to arbitrate this dispute.
4. Pursuant to D.C.Colo.LCivR 41.2, this matter shall be administratively closed.  If no action is taken to reopen the case before January 25, 2007, the case shall be dismissed without prejudice without further notice.

DATED at Denver, Colorado, on January 25, 2006.

                                                         BY THE COURT:

                                                         s/ Walker D. Miller
                                                         United States District Judge